UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WILKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | No. 2:13-cv-1518 LKK KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4         The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18  1227.
19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
26  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
27  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
28  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
2   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
3   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
4   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5       Plaintiff states that the Los Angeles County Superior Court issued an order requiring
6   plaintiff to be housed in the Los Angeles County Jail.  However, on March 29, 2013, the Los
7   Angeles County Sheriff's Department transferred plaintiff to Wasco State Prison.  Plaintiff claims
8   that the Los Angeles County Judge issued an amended abstract of judgment requiring plaintiff to
9   be housed in the Los Angeles County Jail, but the California Department of Corrections
10  ("CDCR") repeatedly violated such order by not transferring plaintiff back to the Los Angeles
11  County Jail.  Plaintiff notes that while he was housed in Wasco State Prison, he was attacked by
12  two southern Hispanics on April 30, 2013, during a prison riot.  Plaintiff adds that the medical
13  department put him up for medical transfer away from the Valley Fever epidemic, and transferred
14  plaintiff to Deuel Vocational Institute ("DVI") on June 7, 2013.

15      It appears that plaintiff sought relief from the Los Angeles Superior Court to facilitate his
16  return to the county jail because plaintiff states that Superior Court Judge Shapiro re-issued a
17  commitment order on May 9, 2013, and on June 10, 2013, stating that plaintiff's sentence was to
18  be served in the Los Angeles County Jail.  (ECF No. 1 at 3.)  Plaintiff was transferred from DVI
19  to the Los Angeles County Jail on July 17, 2013.

20      Plaintiff names five defendants:  CDCR Director Jeffrey Beard, the CDCR, Los Angeles
21  County Sheriff Lee Baca, the Los Angeles County Sheriff's Department, and the Wasco State
22  Prison Reception Center.

23      The Eleventh Amendment bars suits brought by private parties against a state or state
24  agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332
25  (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d
26  1344, 1349-50 (9th Cir. 1982).  Although the Eleventh Amendment is not jurisdictional, the court
27  may raise the defect on its own.  Wisconsin Department of Corrections v. Schacht, 524 U.S. 381,
28  389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974).  In the instant case, the State of

California has not consented to suit. Accordingly, plaintiff's claims against the CDCR, the Los Angeles County Sheriff's Department, and the Wasco State Prison Reception Center are legally frivolous and must be dismissed.

With regard to the alleged wrongful transfer, the Supreme Court has held that a prisoner has no constitutional right to incarceration in a particular institution or housing unit. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983) (just as inmate has no justifiable expectation that he will be incarcerated in any particular prison within any state, he has no justifiable expectation that he will be incarcerated in any particular state). Thus, plaintiff's request for money damages due to the failure to retain him in the Los Angeles County Jail, or to house him in a particular jail, has no statutory or constitutional basis. See White v. Lambert, 370 F.3d 1002, 1013 (9th Cir. 2004) (state prisoner transferred from a Washington state prison to a privately-run prison in Colorado had no liberty interest created by state law, and protected by the Due Process Clause, to imprisonment in a particular prison), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010). Because plaintiff has no constitutional right to incarceration in the Los Angeles County Jail, plaintiff fails to state a cognizable civil rights claim. Such claim should not be included in any amended complaint.

Plaintiff included no charging allegations as to Sheriff Baca or CDCR Director Beard. To the extent plaintiff named these defendants based solely on their roles as supervisors, such claims are unavailing. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another

to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Finally, it is unclear whether plaintiff may be able to state a cognizable civil rights claim based on allegations that prison officials at Wasco failed to protect plaintiff from a known and substantial risk of harm in connection with the April 2013 prison riot.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offense against society." Id. at 834 (internal citation omitted). However, prison officials do not incur constitutional liability for every injury suffered by a prisoner. Id. A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id. at 834. If plaintiff elects to file an amended complaint, he must allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference" to his health and safety. In other words, plaintiff must allege that the defendants knew he was at risk of

5

being attacked and explain how the defendants' response to this threat of attack was unreasonable. Plaintiff is cautioned that "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." Farmer, 511 U.S. at 844.

The court grants plaintiff leave to file an amended complaint should plaintiff be able to allege facts demonstrating that specific prison officials knew plaintiff faced a substantial risk of harm yet failed to take steps to abate such harm.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
2  original complaint, each claim and the involvement of each defendant must be sufficiently
3  alleged.
4        In accordance with the above, IT IS HEREBY ORDERED that:
5        1. Plaintiff's request for leave to proceed in forma pauperis is granted.
6        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
7  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
8  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Los
9  Angeles County Sheriff filed concurrently herewith.
10       3. Plaintiff's complaint is dismissed.
11       4. Within thirty days from the date of this order, plaintiff shall complete the attached
12 Notice of Amendment and submit the following documents to the court:
13       a. The completed Notice of Amendment; and
14       b. An original and one copy of the Amended Complaint.
15 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
16 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
17 also bear the docket number assigned to this case and must be labeled "Amended Complaint."
18 Failure to file an amended complaint in accordance with this order may result in the dismissal of
19 this action.
20 Dated:  October 17, 2013

                                                      KENDALL J. NEWMAN
                                                      UNITED STATES MAGISTRATE JUDGE

wilk1518.14

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROGER WILKERSON, | No. 2:13-cv-1518 LKK KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| JEFFREY BEARD, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint
DATED:

_____

_____
Plaintiff