UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WILKERSON,<br><br>           Plaintiff,<br><br>      vs.<br><br>JEFFREY BEARD, et al.,<br><br>           Defendants. | 1:14-cv-01417-LJO-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND (ECF No. 22.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.     BACKGROUND**

Roger Wilkerson ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 26, 2013, Plaintiff filed the Complaint commencing this action at the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 18, 2013, dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 13.)  On January 30, 2014, Plaintiff filed the First Amended Complaint.  (ECF No. 22.)

On September 11, 2014, this case was transferred to the Fresno Division of the Eastern District of California.  (ECF No. 35.)  Plaintiff's First Amended Complaint is now before the court for screening.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The events at issue in the First Amended Complaint allegedly occurred at Wasco State Prison (WSP) in Wasco, California, when Plaintiff was incarcerated there. Plaintiff names as defendants J. Suiton (Associate Warden), K. Carpenter (Counselor), and F. Feliciano (Appeals Coordinator) (collectively "Defendants"). Defendants were employed by the California

Department of Corrections and Rehabilitation (CDCR) at WSP at the time of the events at issue.

Plaintiff's allegations follow, in their entirety:

> I told K. Carpenter that I had agreed to a county jail sentence on 3/13/2013, and she told me that my trial Judge had made a mistake and could not give me county jail time. I told K. Carpenter that I had been put up for medical transfer away from the Valley Fever in the San Joaquin Valley by the Wasco State Prison medical staff, because I was HIV positive, and she told me that I was being transferred away from the San Joaquin Valley on 6/4/2013, however I was transferred to DVI, [and] I later found out that I was still in the San Joaquin Valley.
>
> J. Suiton reviewed my CDCR Inmate Appeal form on 5/29/13 and agreed to transfer me to another California State Prison in the San Joaquin Valley around the Valley Fever epidemic, despite the Wasco State Prison medical staff saying that I should be transferred away from Valley Fever.
>
> F. Feliciano on 5/2/2013 and 5/7/2013 received CDCR Inmate Appeals from me pertaining to my illegal prison sentence, and on 5/1/2013 pertaining to my medical transfer away from the Valley Fever, because of my medical condition and he rejected all of my appeals forms.

Plaintiff requests monetary damages as relief.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

///

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Due Process

Plaintiff seeks to bring a claim for violation of his rights to due process. The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672-73 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997); Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995); Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir. 1993). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the

deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff alleges that he was scheduled for a medical transfer from Wasco State Prison to a state prison outside of the San Joaquin Valley, away from the Valley Fever epidemic, but instead he was improperly transferred to DVI [Deuel Vocational Institution], a state prison located in another part of the San Joaquin Valley.

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Plaintiff has not alleged facts demonstrating that his transfer established the existence of a protected liberty interest. Therefore, Plaintiff fails to state a due process claim for his prison transfer.

### B. Eighth Amendment Deliberate Indifference

Plaintiff also seeks to bring an Eighth Amendment claim. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has not alleged facts sufficient to support a claim that any of the defendants acted with deliberate indifference to a substantial risk of serious harm to Plaintiff. First, Plaintiff has not shown there was a substantial risk of serious harm to Plaintiff when he was transferred to DVI. Second, Plaintiff has not alleged facts showing that any of the defendants acted against him or failed to act, while knowing about and deliberately disregarding a substantial risk of serious harm to Plaintiff. Therefore, Plaintiff fails to state a claim for deliberate indifference under the Eighth Amendment against any of the defendants.

### C. **Inmate Appeals Process**

Plaintiff alleges that defendants Suiton and Feliciano failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d

at 495.  Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable due process claim for the processing and/or reviewing of his 602 inmate appeals.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  Therefore, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 566 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his own words, what happened, describing what he saw, heard, or otherwise experienced.  Plaintiff must describe what each defendant did to violate the particular right described by Plaintiff.  Plaintiff should carefully review the court's order and only include the claims he believes are cognizable.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff has not been granted

leave to add allegations of events occurring or claims arising after July 26, 2013, the date the original Complaint was filed.

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint, filed on January 30, 2014, is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:14-cv-01417-LJO-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **October 1, 2015**          /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE